UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HENDERSON L. HINTON,

    Plaintiff,

v.	Case No. 5:19-cv-169-Oc-02PRL

FEDERAL BUREAU OF
PRISONS, et al.,

    Defendants.

## **ORDER**

By Order dated April 18, 2019, Plaintiff's Ex Parte Application for Entry of Emergency Motion for Temporary Restraining Order and Preliminary Injunction was denied without prejudice and the case was dismissed pursuant to 28 U.S.C. § 1915(g)'s three-strikes bar. Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 10). In his motion, Plaintiff argues that he has met the imminent danger exception to the three strikes provision. *See id.*

"The only exception to section 1915(g) is if the frequent filer is "under imminent danger of a serious physical injury.'" *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (citation omitted). In *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999), the Eleventh Circuit rejected the notion that imminent danger of serious physical injury under § 1915(g) is measured at the time of the alleged incident, not at the time the complaint is filed. The Eleventh Circuit noted that the Eighth Circuit requires that the prisoner be in imminent danger at the time of the filing, meaning that a past threat of

1

imminent danger is insufficient, while the Fifth Circuit requires "imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP." *Id.* at 1192-93. The Eleventh held, that "Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Id.* at 1193.

In *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), the Eleventh Circuit held that a prisoner with HIV and hepatitis faced imminent danger when he alleged that the total withdrawal of treatment for his conditions left him susceptible to other illnesses that could cause his condition to quickly deteriorate. Although some of the physical conditions that Brown alleged did not constitute serious injury, his complaint as a whole successfully alleged that he faced and imminent danger of serious physical injury because his HIV and hepatitis would lead to serious afflictions if left untreated. *Id.* Furthermore, the fact that Brown's illnesses were already serious did not preclude him from claiming that his condition was "worsening more rapidly as a result of the complete withdrawal of treatment." *Id.*

As noted in the dismissal order, Plaintiff states that he has been in the custody of the Bureau of Prisons since July 2008 and was transferred to Coleman USP-I on or around September 11, 2018. *See* Doc. 1 at 7; Doc. 1-1 at 29. Throughout his filing, Plaintiff complains about years of alleged mistreatment at multiple prison locations. Plaintiff was housed at Coleman USP-I at the time of filing, but complained of treatment at USP Terre Haute, USP Hazelton, and Coleman USP-I. (Doc. 1-1 at 24-

2

29). Notably, Plaintiff has not claimed that he has experienced a "complete withdrawal of treatment" but appears to be complaining about the treatment he is receiving. Plaintiff does allege that on or around May 2018 he was told by a doctor at USP Hazelton that he had stage 2 kidney disease. (Doc. 1-1 at 27-28). However, his request for a TRO focuses on alleged retaliation and mistreatment by non-medical staff and the alleged lack of treatment and "unhygenic" conditions related to his bowel issues. *See* Doc. 1-1 at 11-20.

Plaintiff's motion for rehearing is based on speculative "threats of injury" and fails to sufficiently allege an imminent danger. *See* Doc. 10 at 5. Additionally, subsequent to initiating this case, Plaintiff was transferred to a different facility, Coleman Low. *See* Doc. 9. Therefore he has also failed to show that he faced imminent danger due to non-medical staff misconduct.

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 10) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 29th, 2019.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Pro Se Party

3